## 31688. GASAWAY v. GASAWAY et al.

UNDERCOFLER, Presiding Justice.

Appellant sued to set aside a deed of her deceased husband which conveyed the fee to the family homestead to his son and daughter by his first marriage. The trial court granted summary judgment to appellees. This

appeal followed.

The record and transcript of hearing shows Willard Gasaway executed a warranty deed conveying the homestead tract, including the residence, to David M. Gasaway and Shirley Gasaway Gattis, his children. He reserved a life estate in the property. On the day of execution he brought the deed to his daughter's apartment, told her and his son, also present, he was leaving the property to them, and executed the deed in their presence, giving the deed to his daughter at that time. The next day, he returned and upon request took the deed to Ringgold, Georgia, and had it recorded. The daughter also had asked him to place the deed in a safe place with his personal papers which he agreed to do. Willard Gasaway died on October 8, 1974. His personal papers were in the possession of appellant, his second wife. The original deed did not reappear, and a copy was obtained and introduced into the record by appellees.

Appellant filed suit on January 22, 1975, to set aside the deed alleging lack of consideration and failure of delivery or in the alternative that the deed was executed by the deceased through mistake, undue influence, or misrepresentation. The record shows no proof of any kind to support the appellant's alternative allegations; the consideration was valid for deeds of this nature; and the sole basis for her attack upon delivery of the deed in question was a statement in her counter-affidavit setting forth that appellees had stated to her, in the presence of her three sons, "that upon filing the will of their father, she (Shirley Gasaway Gattis Tucker) learned for the first time that said Willard McKinley Gasaway on December 4, 1972, had executed a deed conveying the real property on which affiant lived to David M. Gasaway and herself . . ."

1. The court found that the evidence offered by appellant in rebuttal to the prima facie case established by appellees supporting delivery of their deed was insufficient to create a genuine issue of a material fact so as to withstand a motion for summary judgment. Giving every reasonable inference to appellant, the record here supports that conclusion and the trial court did not err in granting appellees' motion.

2. Under the circumstances of this case, it was not error for the trial court to order execution of the writ of possession against appellant or to order delivery of rentals collected and held in escrow by the clerk of the court to appellees.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 22, 1976 — DECIDED JANUARY 5, 1977 — REHEARING DENIED JANUARY 27, 1977.

*Hardcastle & Hill, J. Robert Hardcastle,* for appellant.

*Frank M. Gleason,* for appellees.